UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| VERINA FREEMAN and VALECEA DIGGS, individually and on behalf of all similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>WILSHIRE COMMERCIAL CAPITAL L.L.C., a California limited liability company, dba WILSHIRE CONSUMER CREDIT,<br><br>    Defendant. | Civ. No. 2:15-1428 WBS AC<br><br>ORDER |

----oo0oo----

Plaintiffs brought this putative class action on July 6, 2015, alleging that defendant Wilshire Commercial Capital, LLC used an Automatic Telephone Dialing System ("ATDS") to unlawfully call plaintiffs and the putative class without their prior express consent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. At the initial status conference on October 26, 2015, the parties agreed to stay all proceedings, with the exception of certain limited discovery,

1

1  pending the resolution of certain dispositive motions in a
2  previously-filed and substantially similar putative class action
3  pending against defendant in the Southern District of California
4  ("Banarji").  (See Docket No. 19); Banarji v. Wilshire Commercial
5  Capital, LLC, Civ. No. 3:14-2967 BEN KSC (S.D. Cal. filed Dec.
6  17, 2014).  In the meantime, the parties agreed to conduct
7  limited discovery in the present action on the capacity of the
8  dialing system that defendant used.
9          At a further status conference on April 11, 2016, the
10 parties informed the court that the Southern District of
11 California denied class certification in Banarji and the
12 plaintiff in that action had filed an interlocutory appeal that
13 was likely going to be dismissed by the Ninth Circuit.  (See
14 Docket No. 28.)  The parties agreed that, notwithstanding
15 Banarji, the present action should proceed in this district, and
16 the court lifted the stay of the proceedings here.  (Id.)  Since
17 April 11, 2016, the Ninth Circuit has dismissed the Banarji
18 plaintiff's interlocutory appeal, and the Southern District of
19 California has similarly denied the Banarji plaintiff's motion
20 for a certificate of appealability of the order denying class
21 certification.  Banarji (ECF Nos. 57, 59).  Because the class
22 claims in Banarji can no longer proceed, Banarji does not
23 substantially overlap with the present action.
24         The parties now inform the court, however, that there
25 is yet another previously-filed and substantially similar
26 putative class action currently pending in the Western District
27 of Pennsylvania ("Duchene").  (See Docket No. 29); Duchene v.
28 Westlake Services, LLC, Civ. No. 2:13-1577 MRH (W.D. Pa. filed

2

1  Sept. 26, 2013).  That action asserts similar TCPA class claims
2  against defendant's parent company--Westlake Services, LLC
3  ("Westlake")--and its agents.  Plaintiffs contend that defendant
4  should have notified plaintiffs and the court of the Duchene
5  action in the Notice of Related Action that defendant filed on
6  August 31, 2015.  (See Docket No. 12.)  Defendant argues,
7  however, that Duchene is not related to the present action
8  because "[t]he Duchene matter was filed against Westlake
9  Services, LLC and at no time was Defendant Wilshire Commercial
10 Capital, LLC a party thereto or encompassed within the class
11 definition."  (Docket No. 29 at 2-3.)
12          Defendant's argument that Duchene is not a related case
13 is puzzling to say the least.  The complaint in Duchene alleges
14 that Westlake and its agents used an ATDS to call the putative
15 class members, who were listed as personal references on loan
16 applications, without their prior express consent in violation of
17 the TCPA.  Duchene Compl. ¶¶ 1, 22-28 (ECF No. 1).  The Complaint
18 in the present action similarly alleges that defendant--which is
19 Westlake's subsidiary--used an ATDS to unlawfully call the
20 putative class members, who were also listed as references on
21 loan applications, without their prior express consent in
22 violation of the TCPA.  (Compl. ¶¶ 1, 20-29 (Docket No. 2).)
23 Both lawsuits seek to represent a class of persons in the United
24 States who received such calls during the four years preceding
25 the filing of the actions.  (Compl. ¶ 29); Duchene Compl. ¶ 28.
26          On February 22, 2016, the Western District of
27 Pennsylvania in Duchene granted preliminary approval of a class
28 action settlement and conditionally certified the settlement

3

class as:

> All persons to whom Westlake, its agents and/or its independent contractors between January 11, 2012, and November 7, 2013 placed a telephone call using an automatic telephone dialing system or an artificial or prerecorded voice to the person's cellular telephone in connection with the confirmation of a loan applicant's references.

Duchene Prelim. Approval Order at 3 (ECF No. 108).[1]  The approved Settlement Agreement in Duchene defines "Westlake" as:

> Westlake Services, LLC d/b/a Westlake Financial Services and all Westlake entities, subsidiaries, affiliates, agents, identified independent contractors, and identified vendors, including their predecessor and successor entities and related entities, that participated in making the Calls . . . or in any other act or omission alleged in the Complaint to have been wrongful.

Id. Settlement Ag. art. II, ¶ 2 (ECF No. 107-1) (emphasis added).

The Settlement Agreement in Duchene provides that, upon final approval, all claims by the settlement class members shall be dismissed with prejudice and "[n]o other action, demand, suit, arbitration or other claim may be pursued against Westlake or the related entities released herein with respect to the Calls or released claims."  Id. art. V, ¶ 1(a)-(b).  Additionally, the Settlement Agreement provides that, upon final approval, the settlement class members "and all those who claim through them or who assert claims (or could assert claims) on their behalf" shall release "Westlake . . . and its parents, subsidiaries,

---

[1] The settlement class in Duchene is estimated at 800,000 individuals.

4

affiliates, officers, directors, employees, attorneys, shareholders, agents, independent contractors, vendors and assigns" from "all past, present and future claims . . . from the beginning of the world until today," arising out of the use "of any [ATDS] to make Calls to a cellular telephone number . . . in connection with efforts to contact or attempt to contact Settlement Class Members, including but not limited to claims arising under . . . the TCPA." Id. art. II, ¶ 24 (emphasis added); id. art. V, ¶ 1(c).[2]

---

[2]   In full, the release of claims includes:

> [A]ny and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind, including without limitation (i) those known or unknown or capable of being known, and (ii) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time, including facts in the possession of and concealed by [Westlake and its subsidiaries], and (iii) those accrued, unaccrued, matured or not matured, all from the beginning of the world until today (collectively, the "Released Rights"), that arise out of the use by [Westlake and its subsidiaries] of any [ATDS] to make Calls to a cellular telephone number . . . in connection with efforts to contact or attempt to contact Settlement Class Members, including but not limited to claims .arising under or relating to (i) the TCPA, and any other similar state or federal law; (ii) statutory or common law claims predicated upon any alleged violations of the TCPA and/or any similar law; and (iii) statutory or common law claims predicated upon and/or arising from [Westlake and its subsidiaries'] use of any automated dialing system and/or artificial or prerecorded voice, including any claim under or for violation of federal or state unfair and deceptive practices statutes, violations of any federal or state debt collection practices acts (including, but

The final approval hearing in Duchene was held on July 12, 2016. Following that hearing, the district court in Duchene issued a minute order stating that "[a]n appropriate Order will issue." Id. (ECF No. 138). The court in Duchene also stated in its preliminary approval order that: "Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any released claim against any of the released parties in any action, arbitration or proceeding in any court, arbitration forum or tribunal." Id. Prelim. Approval Order at 7.

In light of the events in the Duchene action and pursuant to the provisions of Federal Rule of Civil Procedure 16, the court finds that a continuance of the July 18, 2016 status conference in this matter is warranted pending the Western District of Pennsylvania's ruling on the final approval of the class action settlement in Duchene. The court will therefore continue the July 18, 2016 status conference to August 15, 2016.

Counsel are required to appear at the August 15, 2016

---

not limited to, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.), invasion of privacy, conversion, breach of contract, unjust enrichment, specific performance and/or promissory estoppels. This Release shall be included as part of any judgment, so that all Released Rights shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion.

Id. art. V, ¶ 1(c).

1  status conference and be prepared to address the following
2  issues: (1) whether any claims in the present action are or will
3  be barred if final approval of the class action settlement in
4  Duchene is granted; and (2) if final approval of the class action
5  settlement has not been granted in Duchene by the August 15, 2016
6  status conference, whether the present action should be stayed
7  pending the resolution of the Duchene class action settlement.
8  Prior to the August 15, 2016 status conference, the parties shall
9  file an updated joint status report that succinctly addresses
10 these issues and any other issues that they think need to be
11 addressed at the status conference.
12         IT IS THEREFORE ORDERED that:
13         (1) the Status Conference set for July 18, 2016 is
14 hereby continued to **August 15, 2016 at 1:30 PM in Courtroom No. 5**
15 pending the Western District of Pennsylvania's ruling on the
16 final approval of the class action settlement in Duchene v.
17 Westlake Services, LLC, Civ. No. 2:13-1577 MRH (W.D. Pa.);
18         (2) the parties shall meet and confer prior to the
19 August 15, 2016 Status Conference; and
20         (3) the parties shall submit an updated Joint Status
21 Report by no later than August 8, 2016 addressing the issues
22 outlined in this Order and any other issues that they think need
23 to be addressed at the August 15, 2016 Status Conference.
24         IT IS SO ORDERED.
25 Dated:  July 13, 2016

                                        WILLIAM B. SHUBB
                                        UNITED STATES DISTRICT JUDGE