UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINA FREEMAN and VALECEA DIGGS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WILSHIRE COMMERCIAL CAPITAL L.L.C., a California limited liability company, dba WILSHIRE CONSUMER CREDIT,<br><br>Defendant. | CIV. NO. 2:15-1428 WBS AC<br><br>ORDER RE: MOTION TO STAY |

Verina Freeman ("Freeman") and Velecea Diggs ("Diggs") (collectively "plaintiffs") initiated this class action against defendant Wilshire Commercial Capital, L.L.C. ("WCC") alleging violations of the Telephonic Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. On February 14, 2018, the parties submitted a Joint Status Report (Docket No. 93) in which defendant requests that in the event the court denies defendant's Motion to Deny Class Certification, the court stay class discovery pending Supreme Court review of Resh v. China Agritech, Inc. (9th Cir.

1

2017) 857 F.3d 994, cert. granted, 138 S. Ct. 543 (2017). The Court is scheduled to hear Resh on March 28, 2018, and it is expected to issue a ruling on the case by the end of June.

In Resh, the Ninth Circuit concluded that the filing of a class action tolls the limitations period and permits a previously absent class member to bring a subsequent class action outside of the generally applicable limitations period. The Supreme Court has previously ruled that the filing of a class action suit tolls the running of the statute of limitations for a purported member's individual claims. See Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974). However, there is a circuit split regarding the interpretation of the American Pipe rule as it relates to tolling for subsequent putative class actions. Three courts of appeal, including the Ninth Circuit, have interpreted the rule to mean that the limitations period is tolled not only as to individual claims but also as to future class action claims, while six other courts of appeal have found tolling only permits subsequent individual actions.

If the Court reverses Resh and determines that the statute of limitations is tolled only for individual claims, then plaintiffs would be unable to bring this case as a class action, though they would still be able to proceed with their individual claims. Accordingly, the need to do class discovery may be completely eliminated depending on the Supreme Court's ruling in Resh. Therefore, the court will stay class discovery until the Supreme Court issues an opinion. A status conference is set for August 6, 2018, at 1:30 pm in Courtroom No. 5.

IT IS SO ORDERED.

Dated: March 6, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE